Filed 8/13/26  P. v. Luc CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CUONG PHAT LUC,<br><br>    Defendant and Appellant. | G064862<br><br>(Super. Ct. No. 08WF0057)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal, Assistant Attorneys General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Cuong Phat Luc appeals from the judgment entered after the court resentenced him under Penal Code section 1172.75.[1] He raises two contentions on appeal. First, he argues the court did not exercise informed discretion when it declined to strike a five-year enhancement for his prior serious felony conviction. Second, he contends the court reimposed the upper term for his attempted voluntary manslaughter conviction in violation of the requirements of section 1170, subdivision (b) and his Sixth Amendment rights.

For the reasons *post*, we disagree with defendant's contentions and affirm the judgment.

## STATEMENT OF FACTS

In 2010, defendant pleaded guilty to three counts of attempted voluntary manslaughter (§§ 664, 192, subd. (a)(1); counts 1, 2, 3) and one count of misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 8). As to counts 1, 2, and 3, defendant admitted he personally used a firearm (§ 12022.5, subd. (a)). He further admitted he had a prior strike conviction (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prior prison terms (former § 667.5, subd. (b)).

Consistent with the guilty plea, the court sentenced defendant to 34 years and eight months in state prison as follows: (1) the upper term of 11 years on count 1; (2) two years each on counts 2 and 3; (3) 10 years for the firearm enhancement on count 1 (§ 12022.5, subd. (a)); (4) 16 months each for the firearm enhancements on counts 2 and 3 (§ 12022.5, subd. (a)); (5) five years for the prior serious felony conviction (§ 667, subd. (a)(1)); and (6) one

---

[1] All further statutory references are to the Penal Code.

year each for two prior prison terms (former § 667.5, subd. (b)). The court also imposed but stayed sentence on the third prior prison term and suspended imposition of sentence on count 8.

In 2023, defendant filed a petition for the court to recall his sentence and resentence him pursuant to section 1172.75. The parties stipulated defendant was eligible for resentencing.

In 2024, the court recalled defendant's sentence and resentenced him to 30 years in state prison as follows: (1) the upper term of 11 years on count 1; (2) two years each on counts 2 and 3; (3) 10 years for the firearm enhancement on count 1 (§ 12022.5, subd. (a)); and (4) five years for the prior serious felony conviction (§ 667, subd. (a)(1)). The court struck the firearm enhancements on counts 2 and 3 (§ 12022.5, subd. (a)) and the prior prison term enhancements (former § 667.5, subd. (b)).

Defendant timely appealed.

## DISCUSSION

### I.

### THE COURT DID NOT ABUSE ITS DISCRETION BY DECLINING TO STRIKE THE SECTION 667, SUBDIVISION (A)(1) ENHANCEMENT

Defendant contends the court applied the wrong legal standard when it declined to strike the five-year enhancement for his prior serious felony conviction (§ 667, subd. (a)(1)). He argues the court focused on his past and prior arson conviction, but it did not conduct a "forward-looking or prospective risk analysis" to account for his "future danger . . . based on the date on which he might or could be released under a revised sentence." Defendant concludes the court did not exercise informed discretion. We discern nothing in the record to suggest the court applied an improper standard when assessing defendant's danger to public safety.

*A. Relevant Background*

In his resentencing petition, defendant argued he was entitled to a full resentencing where the court had to apply any change in law that reduced his punishment. As relevant here, he requested the court strike the five-year enhancement for his prior serious felony conviction (§ 667, subd. (a)(1)). Defendant generally requested a 25-year sentence while the prosecutor requested a sentence of 32 years and eight months.

After a hearing, the court denied defendant's request to strike the enhancement for his prior serious felony conviction (§ 667, subd. (a)(1)). In reaching this decision, the court explained it had considered section 1385, the facts and circumstances of defendant's crime as well as his prior arson conviction, defendant's criminal history, the fact that defendant was on probation, and "the fact that he was out in society when he committed the crime that caused the conviction here." The court concluded "public safety . . . would be endangered by the dismissal of the [section 667, subdivision (a)(1)] prior." According to the court, there was "a substantial likelihood that a dismissal of that enhancement would result in physical injury or other serious danger to others." The court elaborated: "I'm looking at this through the lens of 14 years ago, what the [c]ourt would do. I'm also looking at the lens now that I have the benefit of the prison record of the defendant. I balance those two things."

The court then discussed the mitigating circumstances under section 1385. First, the court held there was no evidence that "[a]pplication of the enhancement would result in a discriminatory racial impact." (§ 1385, subd. (c)(2)(A).) Second, the court "put weight on the fact that there were multiple enhancements that were alleged in a single case." (*See id.*, subd. (c)(2)(B).) Third, the court considered that "application of an enhancement

4

could result in a sentence of over 20 years." (*Id.*, subd. (c)(2)(C).) Fourth, the court considered defendant's substance abuse. (*Id.*, subd. (c)(2)(D).) Fifth, the court found no evidence the offense was connected to prior victimization or childhood trauma. (*Id.*, subd. (c)(2)(E).) Sixth, the court noted the current offense was a violent felony pursuant to section 667.5. (*Id.*, subd. (c)(2)(F).) Seventh, the court found no evidence defendant was a juvenile when he committed the current or prior offenses. (*Id.*, subd. (c)(2)(G).) Finally, the court held it did not believe the prior arson conviction was over five years old. (*Id.*, subd. (c)(2)(H).)

Defendant's counsel argued the court's analysis was wrong because the court "need[ed] to look to today's resentencing and not at the time of the original sentencing in making its analysis under [section 1385, subdivision (c)]."

The court responded: "I said I put myself at the lens of what occurred back at the original sentencing . . . faced with the facts and circumstances of the underlying crime and the facts and circumstances of the arson and the defendant's prior record and the defendant being on probation." The court added: "I then went through the factors under [section 1385, subdivision (c)] . . . I based my decision on what were the facts of the underlying arson, what were the facts of the underlying crime that caused the conviction, what was the defendant's criminal history, what was the defendant's performance on parole in terms of the public safety, and then I went to the factors." The court further noted it did not believe it had to consider the section 1385, subdivision (c) mitigating circumstances because it had found public safety would be endangered by dismissal of the section 667, subdivision (a)(1) prior. Regardless, the court still considered the mitigating circumstances.

The prosecutor then explained that case law required a finding of endangerment to public safety to be "perspective [*sic*], moving forward from today's perspective and not essentially what was fair back when [defendant] was sentenced." In response, the court stated: "I made that finding from today's perspective. What I did is after I made that finding, we got out of the arena of [section 1385, subdivision (c)] and went into the appropriate factors to consider in terms of whether the [c]ourt should strike the [firearm] enhancement[s] on the two individuals who were not injured. I based that upon, in part, the defendant's performance in prison as well as the facts and circumstances of the crime. I mean, I balanced those two things."

B. *Applicable Law and Standard of Review*

Section 1172.75 requires resentencing of defendants whose sentences include certain prior prison term enhancements that are no longer valid. (§ 1172.75, subds. (a), (c).) Resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).) As relevant here, the court must "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)

Section 1385, subdivision (c)(1), which is central to this appeal, provides, "the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove [certain] mitigating circumstances." (§ 1385, subd. (c)(2).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of

6

dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*." (*Ibid.*, italics added.) "'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

We review a lower court's decision not to strike a sentencing enhancement under section 1385 for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) A trial court abuses its discretion "if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute on another ground as stated in *People v. Lynch* (2024) 16 Cal.5th 730.) It also abuses its discretion if it reaches a decision without exercising informed discretion or is unaware of the scope of its discretionary powers. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) "'"[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary."'" (*Ibid.*)

## C. Analysis

At the outset, we address the Attorney General's contention that defendant forfeited his arguments by not raising them below. The Attorney General correctly notes defendant never requested the trial court conduct a forward-looking analysis. Instead, defendant's counsel urged the court to consider defendant's behavior at the time of resentencing. She specifically stated: "[T]he [c]ourt needs to look to today's resentencing and not at the time of the original sentencing in making its analysis under [section 1385, subdivision (c)]. I believe that is a wrong timeframe reference to take that into account because all of the factors . . . are a current law application. And

7

therefore, all of those factors that are present and mitigating should have to do with what is happening now in the case and not then." Assuming, arguendo, defendant did not forfeit his contentions, he has not established the court abused its discretion.

Relying on *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*), defendant argues the court applied the wrong legal standard in declining to strike the enhancement for his prior serious felony conviction because it did not consider whether he posed a future danger to society. Defendant adds the court never considered how dismissal of the enhancement would impact the length of his sentence.

*Gonzalez*, *supra*, 103 Cal.App.5th 215 is inapposite. In *Gonzalez*, the court held the trial court applied the wrong legal standard in declining to dismiss a firearm enhancement pursuant to section 1385, subdivision (c). (*Gonzalez*, at pp. 227–231.) The trial court refused to dismiss the enhancement because it found the defendant "'presently . . . does present a danger to society.'" (*Id.* at p. 227.) In other words, the trial court "believed that it was required to decide whether the defendant 'currently at the time of sentencing represent[ed] a danger to society.'" (*Ibid.*) Given the trial court's "singular focus on whether the defendant *currently* pose[d] a danger," the *Gonzalez* court concluded the trial court applied an erroneous legal standard. (*Id.* at pp. 228, 231.) The court explained: "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence. A currently dangerous defendant who will be released from prison within a short timeframe might be found by the trial court to pose a greater danger to the

public than a defendant who is currently dangerous but who has no prospect of release from prison until he is elderly." (*Id.* at p. 228.) The court also acknowledged "section 1385, subdivision (c)(2) 'does not require the trial court to consider any *particular* factors in determining whether "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."'" (*Id.* at p. 227.)

Here, there is nothing in the record suggesting the court limited its assessment in a manner rejected by *Gonzalez*. The court considered defendant's current offenses, probation, criminal history, and prior arson conviction. But the court's remarks do not reflect that it expressly limited its analysis to defendant's current dangerousness or his past. Indeed, the prosecutor informed the court that it had to make a finding of endangerment to public safety "moving forward from today's perspective and not essentially what was fair back when [defendant] was sentenced." In response, the court stated: "I made that finding from today's perspective." In other words, the court appears to have confirmed it made a prospective finding "moving forward from today's perspective." Defendant's counsel also urged the court to consider defendant's older age which, "reduce[d] his risk for future violence just by the nature of growing up, growing older." In asking if there was a risk assessment for defendant, the court likewise commented: "[I]t's pretty common knowledge [that as individuals] get older, they may get less violent." The court further questioned how old defendant would be if the court imposed a 25-year sentence.[2]

---

[2] The resentencing hearing took place in July, August, and October 2024. Some of the comments made by defendant's counsel and the court were from the initial hearing in July 2024.

Given the court's comments and the parties' arguments, defendant has not shown the court applied an incorrect legal standard. We also presume the court considered how striking the five-year enhancement would impact the length of defendant's sentence because there is nothing in the record that establishes it did not. (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724 ["We assume the trial court was aware of and followed applicable law"].)

## II.

### THE COURT DID NOT ERR BY REIMPOSING THE UPPER TERM ON COUNT 1

Defendant contends the court erred by reselecting the upper term on count 1 when resentencing him under section 1172.75. According to defendant, the court erred because a jury had not found, and he had not stipulated to, aggravating factors as required by section 1170, subdivision (b). He also claims no certified record of conviction was admitted into evidence. He accordingly argues the court violated his Sixth Amendment rights. For the reasons below, the court did not err.

### A. *Forfeiture*

The Attorney General insists defendant forfeited his arguments because he requested the trial court reimpose the upper term on count 1. We disagree.

In his resentencing brief, defendant stated his good behavior in prison and childhood trauma "establishe[d] a compelling reason to impose the low term or mid-term on [c]ount 1." But in the conclusion section of his resentencing brief, defendant identified a proposed sentence that included the upper term on count 1. At the resentencing hearing, defendant's counsel stated: "My recommended [sic] on that principal count is still upper term times two." She later stated: "I think the [c]ourt is guided by [section 1170,

10

subdivision (b)] when the [c]ourt goes through it. Normally, under new law, the [c]ourt would be limited not to exceed the middle term unless there has been a factor in aggravation that was proven by a jury or admitted to, and in this case, there was one admitted to by [defendant]. That's what he pled to, an upper term. The [c]ourt is not limited by the middle term under [section 1170, subdivision (b)] at this time, although the [c]ourt is correct in having to go through the process."

Given defendant's conflicting statements, we find no forfeiture and exercise our discretion to consider the merits of his claims. (*See People v. Dozier* (2025) 116 Cal.App.5th 700, 710, fn. 8 [no forfeiture for failure to object to reimposed upper term where the issue was whether the sentence was unauthorized]; *People v. French* (2008) 43 Cal.4th 36, 48 [no forfeiture of jury right claims premised on the Sixth Amendment].)

B. *Applicable Law*

Effective January 1, 2022, section 1170, subdivision (b)(2) provides that courts "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." But "courts may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Section 1172.75, subdivision (d)(4) provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation

11

that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.)

*C. Analysis*

As defendant notes, there is a split of authority on the issue of whether section 1172.75, subdivision (d)(4) provides an exception to the fact-finding requirements under section 1170, subdivision (b)(2). In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, the Third Appellate District held "section 1172.75, subdivision (d)(4) carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, at p. 458.) Relying on the plain language of section 1172.75, subdivision (d)(4), the court explained: "[T]he Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply *only if the trial court is imposing the upper term for the first time* at a section 1172.75 resentencing." (*Id.* at pp. 466–467, italics added.)

In *People v. Gonzalez* (2024) 107 Cal.App.5th 312, which defendant urges us to follow, the Sixth Appellate District held section 1172.75, subdivision (d)(4) "simply restricts the scope of defendants eligible to receive the upper term." (*Gonzalez*, at p. 330.) The court explained: "Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact. In other words, the same requirements for imposing an upper term under section

12

1170, subdivision (b)(2) would apply, thus eliminating any potential conflict between the statutes." (*Ibid.*)

Several courts have disagreed with *People v. Gonzalez, supra*, 107 Cal.App.5th 312 and interpreted section 1172.75, subdivision (d)(4) as an exception allowing courts to reimpose the original upper term sentences without a stipulation or jury finding of aggravated circumstances. (*People v. Lua* (2026) 121 Cal.App.5th 472; *People v. Moss* (2026) 120 Cal.App.5th 375; *People v. Dozier, supra*, 116 Cal.App.5th 700; *People v. Mathis* (2025) 111 Cal.App.5th 359.)

Our Supreme Court will have the final word as it has granted review on the issue of whether section 1172.75, subdivision (d)(4) permits a court to reimpose an upper term sentence without satisfying the fact-finding requirements of section 1170, subdivision (b). (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903; *People v. Dozier, supra*, 116 Cal.App.5th 700, review granted Feb. 11, 2026, S294597.) Until then, we agree with the majority view and decline to follow *People v. Gonzalez, supra*, 107 Cal.App.5th 312.

Because defendant's original sentence, which included the upper term on count 1, occurred under a sentencing scheme that fully complied with the Sixth Amendment, the court did not err by retaining the upper term sentence on count 1. (*People v. Mathis, supra*, 111 Cal.App.5th at pp. 373–374 ["Where, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)"].)

## DISPOSITION

The judgment is affirmed.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.